IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ROY S. MATTHEWS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:03cv0014-VPM |
| ) | [WO] |
| JO ANNE B. BARNHART, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**ORDER ON MOTION**

This matter is before the court on the plaintiff's ["Matthews"] Motion for Attorney Fees (Doc. # 26) pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (2000). The defendant ["Commissioner"] objects to the motion as being untimely (Doc. # 30). The court agrees with the Commissioner, and for the reasons stated herein, the motion is due to be denied.

I.  **DISCUSSION**

On 4 December 2003, this court entered a memorandum opinion and, in a separate document, a final judgment reversing and remanding a final decision of the Commissioner (Docs. ## 21, 22), whereupon the Clerk of Court closed the case.[1]  Matthews then had until 3 March 2003 to file a

---

[1]The judgment entered by the court, styled as an "ORDER," stated:

> In accordance with the memorandum opinion entered herewith, it is ORDERED that the decision of the Commissioner be and is hereby REVERSED and that this case be and is hereby REMANDED to the Commissioner for an evaluation of whether the claimant's borderline intellectual functioning, when considered in association with his other severe impairments, justify a finding that the Claimant is not disabled within the meaning of the Act. It is further ORDERED that costs be and are hereby taxed against the plaintiff.

motion for attorney fees under EAJA. ***Shalala v. Schaefer***, 509 U.S. 292, 302 (1993) (discussing the relevant time limitations).

He filed his motion on 9 April 2003.

## II. CONCLUSION

Therefore, it is hereby

ORDERED that the motion is DENIED.

DONE this 28th day of February, 2006.

/s/ Vanzetta Penn McPherson
VANZETTA PENN MCPHERSON
UNITED STATES MAGISTRATE JUDGE

---

(Doc. # 22).
    Although lacking the word "judgment," this document clearly disposed of the case and ended the litigation in compliance with Rule 58, which imposes no specific language requirements. *See also* FED. R. CIV. P. 54(a) (defining "judgment" as "a decree and any order from which an appeal lies"). Matthews's legally unsupported insistence that this document did not constitute a separate judgment in compliance with Rule 58 is without merit.